PEOPLE v. SCHIMMELL.

INTOXICATING LIQUORS — SCREENS — OBSTRUCTION OF VIEW — IN-
FORMATION—SUFFICIENCY.

An information under section 5409, 2 Comp. Laws, which no-
where charges that a view "of the bar or place in said room
where said liquors are sold or kept for sale" was obstructed,
is fatally defective.

Exceptions before judgment from Oakland; Smith, J.
Submitted June 22, 1905. (Docket No. 169.) Decided
September 19, 1905.

Louis W. Schimmell was convicted of violating the
liquor law. Reversed and respondent discharged.

*Davis & Bromley*, for appellant.

*John E. Bird*, Attorney General, *Frank L. Covert*,
Prosecuting Attorney, and *Charles S. Matthews*, Assis-
tant Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted under
an information which, after charging that respondent was
a keeper of a saloon, charged the offense in the following
language:

"And the said Louis W. Schimmell did then and there
by means of certain curtains and screens and other things
obstruct the view from the sidewalk and street in front of
said bar there situate on or about May 22, 1904, the same
being the first day of the week, commonly called Sunday,
in said village of Royal Oak, county and State aforesaid."

The statute defining the offense is 2 Comp. Laws, § 5409,
and reads as follows:

"During the time when, by the provisions of this act,
places where liquor is sold or kept for sale must be closed,
all curtains, screens, partitions and other things that ob-

struct the view from the sidewalk, street, alley or road in front of or at the side or end of said building, of the bar or place in said room where said liquors are sold or kept for sale, shall be removed."

The case comes to us on exceptions before sentence.

Objection was made to the introduction of evidence on the ground that the information charged no offense. This objection was overruled, and exception taken. It is somewhat doubtful whether the objection was so framed as to point out to the circuit judge the defect which we deem fatal; but as no sentence has been announced, and as the question was fully discussed at the argument, it is manifest that it would not be proper to permit the case to proceed to sentence. The defect is obvious. The information nowhere charges that a view "of the bar or place in said room where said liquors are sold or kept for sale" was obstructed. It does charge that the view from a certain point was obstructed; but the view of *what*, or what place, is not stated.

The conviction is reversed, and the respondent will be discharged.

McAlvay, Blair, Ostrander, and Hooker, JJ., concurred.